**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30276 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00150-SEH |
| v. | |
| ANTHONY D. MELBOURNE, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 16, 2010**

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Anthony D. Melbourne appeals from the 168-month sentence imposed

following his guilty-plea conviction for second degree murder, in violation of

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. §§ 1111 and 1153(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Melbourne contends that the sentence at the top of the advisory guideline range is unreasonably long in light of his social background, age at the time of the crime, and lack of any relevant mental health treatment. "On appeal, we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). A district court should normally explain why it accepts or rejects a party's "specific, nonfrivilous argument tethered to a relevant § 3553(a) factor in support of a requested sentence." *See id*. at 992-93. The record reflects that the district court failed to do so in the instant case. *See id.* Specifically, the district court failed to acknowledge or address at sentencing Melbourne's mitigating arguments, including that he was 15 years old at the time of the offense conduct, that he suffered abuse as a child, and that he witnessed significant episodes of violence as a child, such as the shooting of his grandfather in the throat, the shooting of his uncle, and the shooting of his cousin. Under these circumstances, the record is insufficient to allow us to conduct meaningful appellate review. *Cf. Carty*, 520 F.3d at 995 (affirming as reasonable a sentence at the bottom of the guidelines where Carty's arguments for

a lower sentence were neither "complex nor unusual").  Accordingly, we vacate and remand for the district court to explain for the record why the sentence is reasonable, given the mitigating arguments presented by Melbourne.

**VACATED AND REMANDED.**